[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 10, 2010
JOHN LEY
CLERK

No. 10-11287
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00411-JSM-MAP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PEDRO ALFONSO SANCHEZ-PAZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 10, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Pedro Sanchez-Paz appeals his conviction of knowingly and intentionally

manufacturing and possessing marijuana with the intent to distribute it.  21 U.S.C.

§ 841(a)(1) and (b)(1)(D); 18 U.S.C. § 2. Sanchez-Pedro entered a conditional plea of guilt and challenges the denial of his motion to suppress. We affirm.

We review a "district court's denial of a motion to suppress evidence as a mixed question of law and fact, with rulings of law reviewed <u>de novo</u> and findings of fact reviewed for clear error." <u>United States v. Lindsey</u>, 482 F.3d 1285, 1290 (11th Cir. 2007). We view the evidence in the light most favorable to the government. <u>Id.</u>

Sanchez-Paz contends that detectives Alejandro Angulo and Theresa Edmiston of the Polk County Sheriff's Office violated the Fourth Amendment when they recruited Tim Farrans, an employee of Progress Energy, to inspect an electrical installation on property where Sanchez-Paz later was found. Sanchez-Paz maintains that Farrans acted as a state agent during the inspection; that Polk County Sheriff's Office detective Theresa Edmiston's affidavit in support of the search warrant did not contain sufficient information about a confidential source's veracity or reliability; and that Edmiston deliberately and recklessly included inaccurate and misleading information in the affidavit. These arguments fail.

The district court did not err when it denied Sanchez-Paz's motion to suppress. The record supports the finding by the district court that Farrans acted

as a private individual when he entered the property. Although Edmiston and Angulo knew of and acquiesced in Farrans's inspection of the installation, Farrans entered the property for the private and legitimate purpose of investigating whether electricity was being stolen. Farrans did not act as a state agent. The record also supports the finding that Edmiston's affidavit did not contain any material misrepresentations and was more than sufficient to establish probable cause for the search of the property. The affidavit established that a confidential and reliable source provided information that someone at the property was cultivating marijuana and stealing electricity, and that information was independently corroborated by the detectives.

We affirm Sanchez-Paz's conviction.

**AFFIRMED.**